Dear Mr. Rombach:
On behalf of the Louisiana Legislative Fiscal Office you have requested the opinion of this office concerning how "surplus" Highway Fund # 2 monies annually received by the Greater New Orleans Expressway Commission (Commission) may be addressed. Specifically, you ask if any such "surplus" funds may be used by the Commission for its rehabilitation program.
Act 875 of the 1988 Regular Session of the Louisiana Legislature amended and reenacted Sections 2, 4, and 11 of Act No. 763 of the 1986 Regular Session of the Louisiana Legislature relative to the Commission to provide with respect to bond proceeds and the approval of the legislature for construction of improvements and betterments to the Greater New Orleans Expressway, to provide for members of the commission and to provide for related matters. Section 4 of Act 875 sets forth the permissible security for the bonds, revenues to pay the bonds and use of revenues in excess of bond payments. Section 4 provides in pertinent part as follows:
 "The bonds may be secured in the same manner as the outstanding bonds, said outstanding bonds being payable from the tolls and other revenues derived from the operation on the expressway as supplemented by State highway Fund No. 2 monies allocated exclusively to the parishes for the payment of bonds issued in connection with the construction and improvement of the expressway or the refunding of such bonds. The dedication of State Highway Fund No. 2 monies to the payment of bonds of the commission and the parishes, which is authorized by and remains in effect under the Louisiana Constitution of 1974, is hereby reaffirmed and shall remain in effect until all bonds of the commission authorized heretofore and hereby have been paid in full or defeased, and there is hereby authorized to be pledged to the payment of such bonds the income and revenues derived from the operation of the expressway and the aforesaid State Highway Fund No. 2 monies.
 After the discharge and release of the Trust Agreement for Greater New Orleans Expressway dated as of January 1, 1967 securing the outstanding bonded indebtedness of the commission, any revenues of the commission remaining at the end of each fiscal year after (i) payment of all expenses of maintaining and operating the facilities of the commission and providing for necessary renewals and replacements thereof, and (ii) satisfaction of all obligations of the commission under the terms of any resolution, ordinance, or indenture authorizing the issuance of any bonds authorized in Section 2 of this Act, shall be surplus. This surplus shall be transferred at the end of each fiscal year to the treasurer of the state of Louisiana for deposit in the state treasury. The first year surplus of three million dollars shall be transferred to the state treasury no later than January 1, 1987; provided, however, that prior to the transfer of such surplus to the state treasury, the commission shall use so much of said surplus as may be necessary for its officers to police the Huey P. Long Bridge and shall transfer fifty thousand dollars each fiscal year to each of the parishes of St. Charles, St. John the Baptist, and Tangipahoa, and provided further that any such action shall require the approval of the House and Senate Committees on Transportation, Highways and Public Works, and the Joint Legislative Committee on the Budget".
Based upon the foregoing excerpts from Act 875, it is the opinion of this office that the tolls derived from the operation of the Causeway must be used to pay principal and interest on the bonds by the Commission. Excess revenues collected by the Commission may be used to pay the expenses of maintaining and operating the facilities of the Commission and to satisfy any obligations of the Commission. Any remaining revenues are considered "surplus" and shall be paid into the State Treasury at the end of the fiscal year subject to prior payment to officers to police the Huey P. Long Bridge and the transfer of $50,000.00 each fiscal year to the parishes of St. Charles, St. John the Baptist and Tangipahoa.
The Act does not authorize the use of surplus funds for the proposed Commission rehabilitation program. The Act unambiguously requires all surplus funds not expended pursuant to specific authority set forth in the Act to be deposited by the Commission into the State Treasury and applied in accordance with the provisions set forth in Article 7, Section 9B of the Louisiana Constitution. An Interpretation of Act 875 to authorize the use of surplus funds for the Commission rehabilitation program would be inconsistent with the Act and the Constitution.
We trust that this answers your inquiry.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 RICHARD L. MCGIMSEY Assistant Attorney General
CCF, Jr./RLM/dam